ZOELLER v. OFFER et al. (No. 6270.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1919. Rehearing Denied Dec. 31, 1919.)

1. MUNICIPAL CORPORATIONS ⬤═697(4)—DESCRIPTION OF STREETS OBSTRUCTED BY FENCE SUFFICIENT.

In a suit to enjoin defendants from maintaining fences or other obstructions in and upon certain streets in a named town, a petition, alleging that plaintiff was the owner of certain blocks forming part of a large body of land which had been dedicated to the public, and that all conveyances of lots had recognized the plan of dedication, and naming the streets alleged to be constructed, held sufficiently to identify the premises obstructed, since the map might be referred to, although not made a part of the petition.

2. DEEDS ⬤═38(1)—SUFFICIENCY OF DESCRIPTION.

In determining the sufficiency of a description in a deed, whatever can be made certain is certain.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Suit by Lizzie Zoeller against August Offer and others. From a judgment sustaining a special exception to plaintiff's petition seeking to enjoin maintenance of certain fences, plaintiff appeals. Reversed and remanded.

George C. Altgelt, of San Antonio, for appellant.

George Powell, of San Antonio, for appellees.

FLY, C. J. This appeal is perfected from a judgment sustaining a special exception to a petition of appellant, in which she sought a writ, enjoining and restraining appellees from maintaining fences or other obstructions in and upon certain streets in the town of Waring, and commanding them to remove any such fences or other obstructions from such streets.

The court sustained the third special exception, which was as follows:

"Further excepting, defendants say that there is no description of the particular part of the premises, streets, and avenues claimed to have been so obstructed by them, and in particular the alleged Avenues A, B, and E, and of this the defendants pray judgment of the court."

It was alleged that appellant was the owner of blocks Nos. 9 and 10, each containing 12 lots of land, each shown on the plan of the town of Waring, and each having a frontage on Fredericksburg street, which is on the plan as a street 60 feet wide, and is one of the main thoroughfares; that there is also a street 60 feet wide between blocks 9 and 10, and that all the streets are public, and included in the dedication of same made by Waring. It was alleged that a large body of land on which is situated the town of Waring was dedicated by R. P. M. Waring to the public; that in all the conveyances of lots the plan made by Waring is recognized. It was alleged that appellees had fenced and obstructed certain streets, naming them, and have deprived appellant of access to her lots.

[1, 2] We think there was a sufficient description in the petition by which the land could be identified. No more certain description is required in a petition than in a deed, and the rule is well established as to descriptions in deeds that whatever can be made certain is certain. The plat or plan of the town can be used, and will fully indicate the location of the streets alleged to be obstructed. This can be done, although the plan was not made a part of the petition. We do not believe appellees will experience any difficulty in ascertaining from the petition where they have fenced the streets, and if they have any defense can be prepared by the allegations of the petition to make it.

The judgment is reversed, and the cause remanded.